UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 17-22136-CIV-ALTONAGA/Goodman

OCTAVIA LINDSEY,

    Plaintiff,

v.

GENERAL NUTRITION CORPORATION and
GNC HOLDINGS, INC.

    Defendants.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, OCTAVIA LINDSEY, by and through his undersigned counsel and sues the Defendants, GENERAL NUTRITION CORPORATION and GNC HOLDINGS, INC. (hereinafter referred to as "Defendants") and states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367 and 1441(b).

2. Venue lies within the United States District Court for the Southern District of Florida, Miami Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

### PARTIES

3. Defendant, GENERAL NUTRITION CORPORATION ("GNC"), is a Foreign Profit Corporation authorized and doing business in this Judicial District. At all times material, GNC employed Plaintiff, OCTAVIA LINDSEY.

4. Defendant, GNC HOLDINGS, INC. ("GNC HOLDINGS"), is a Foreign Profit Corporation authorized and doing business in this Judicial District. At all times material, GNC HOLDINGS employed Plaintiff, OCTAVIA LINDSEY.

5. Defendants, GNC and GNC HOLDINGS, are an integrated enterprise and/or joint employers.

6. At all times material, Plaintiff, OCTAVIA LINDSEY, was an employee of Defendants within the meaning of the Fair Labor Standards Act, 42 U.S.C. §1981, and Florida's Private Whistleblower's Act.

## GENERAL ALLEGATIONS

7. At all times material, Defendants acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

8. At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

9. Plaintiff has retained the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

10. Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

11. Plaintiff, OCTAVIA LINDSEY, timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on November 7, 2016. Plaintiff intends to seek leave of court to amend his Complaint after all conditions precedent are met under state and federal law.

## FACTUAL ALLEGATIONS

12. Plaintiff, OCTAVIA LINDSEY, is an African-American/black male.

13. In or around December 2014, Plaintiff began his employment with Defendants as a part-time Sales Associate, working at Defendants' Southland Mall location in Miami, Florida.

14. During all times material, Plaintiff was a non-exempt hourly employee.

15. In addition to Plaintiff's regular work schedule, Plaintiff performed work before and after his scheduled shifts, which Defendants had knowledge or should have had knowledge. However, Plaintiff was not compensated for this work time. Stated differently, Plaintiff performed off-the-clock work that Defendants knew or should have known of, but was not compensated. Some of the off-the-clock work resulted in hours worked over 40 in a workweek; therefore, Plaintiff was not compensated at a rate of time and one-half his regular rate of pay for all hours worked over 40 in a work week.

16. Moreover, Defendants did not use Plaintiff's total remuneration in calculating his regular rate of pay for the purposes of calculating the appropriate overtime rate for Plaintiff.

17. Defendants' management manipulated Defendants' time keeping system, which resulted in Plaintiff not being compensated for all hours worked.

18. Plaintiff was not compensated on days in which he worked, but was not on Defendants' schedule.

19. As a result, Plaintiff states the following clam for unpaid wages/overtime:

    **(a).** **Initial Estimate of the Total Amount of Alleged Unpaid Wages**

    During the relevant time period (see Section D., below) Plaintiff worked an average of 2.5 hours of off-the-clock work per work week. Plaintiff was paid $8.05 per hour from approximately December 2014 to November 2015. From approximately November 2015 to March 16, 2016, Plaintiff

was paid $8.25 per hour. In addition to his hourly compensation, Plaintiff also received a commission on certain products sold in the store.[1]

**(b).   Preliminary Calculation of Such Wages**

<u>December 2014 to November 2015</u>: $8.05 x 2.5hrs/week = $20.13 x 43 weeks (approx.) = $865.59.[2]

<u>November 2015 to March 13, 2016</u>: $12.38 ($8.25 x 1.5) x 2.5hrs/week = $30.95 x 18 weeks (approx.) = $557.10. Liquidated = $1,114.20.

**(c).   Approximate Period During Which Alleged Violations Occurred**

December 2014 to May 13, 2016

**(d).   Nature of the Wages**

Overtime and Straight Time

20.  On or about March 10, 2016, Plaintiff submitted an anonymous complaint to Defendants' compliance department regarding his unpaid wage issue.

21.  On or about March 14, 2016, Plaintiff spoke with Jan Anderson (Human Resources) regarding his unpaid wages.

22.  In or around March 2016, Plaintiff also spoke with Alexander Senderoff (Regional Sales Manager) regarding the unpaid wage issue.

23.  On March 27, 2016, Plaintiff emailed Senderoff, referenced their previous conversation, submitted a complaint regarding unpaid wages, and provided documented support of Defendants' time manipulation. Senderoff responded, informed Plaintiff that he would open

---

[1] At this time, Plaintiff cannot precisely calculate his regular rate of pay for the purpose of calculating his overtime claims because Defendants are in possession of records indicating his total remuneration for those overtime work weeks.

[2] For most of this time period, Plaintiff's off-the-clock work would have kept him under 40 hours for the work week, thus calculated at a straight-time rate.

an investigation and told Plaintiff to keep the matter confidential. Senderoff also told Plaintiff that he needed the "exact measurements of payroll alterations." Plaintiff responded and indicated that it would be difficult for him to keep track of all of the hours and days, particularly because the majority of his pay records were not provided to Plaintiff to sign.

24. On March 28, 2016, Plaintiff emailed Senderoff and informed Senderoff that he had text messages from January 2016 showing that Plaintiff worked on his day off, but was not compensated. Plaintiff also provided further details on hours for which he was not compensated.

25. On March 29, 2016, Senderoff emailed Plaintiff and told Plaintiff that it was Plaintiff's responsibility to review and account for accurate time. Senderoff also told Plaintiff that Xaviera (Store Manager) was not aware of Plaintiff's complaint and the investigation.

26. On March 31, 2016, Plaintiff emailed Senderoff and gave further examples of when he worked, but was not paid properly. Additionally, Plaintiff told Senderoff that Xaviera (Store Manager) was retaliating against him by scheduling Plaintiff for less favorable hours. Moreover, Plaintiff informed Senderoff that Xaviera (Store Manager) told Plaintiff that she had to "teach [him] a lesson."

27. During Plaintiff's employment with Defendants, he began to notice the lack of African-American/black managers in his division.

28. On at least one occasion, Senderoff acknowledged that Defendants had problems with racial diversity related to African-American/black individuals in the company's hiring practices.

29. On April 5, 2016, Plaintiff emailed Senderoff and informed Senderoff of his interest in the open managerial position at Plaintiff's store.

30. On April 9, 2016, Plaintiff emailed Senderoff and informed him that Ana (last name unknown) told Plaintiff that Senderoff instructed her to have Plaintiff sign the same payroll records where Xaviera (Store Manager) manipulated the time. Plaintiff told Senderoff that he refused to sign the payroll records.

31. On April 10, 2016, Plaintiff emailed Senderoff, Anderson, and Deborah Russell (District Sales Director) and noted his concern about the events that occurred on April 9, 2016. Plaintiff reiterated the concerns that he raised previously and demanded that he receive his back pay. Additionally, Plaintiff referenced his request for promotion to the open managerial position at his store. Plaintiff further noted that he felt that he was "part of a missing demographic component" that needed representation with Defendants.

32. Plaintiff was led to believe that Senderoff would meet with him on April 18, 2016 regarding promotion opportunities, but Senderoff did not meet with Plaintiff.

33. On April 20, 2016, Plaintiff emailed Senderoff and shared his disappointment that Senderoff did not meet with Plaintiff on April 18, 2016 to discuss Plaintiff's career path with Defendants.

34. On or about April 29, 2016, Plaintiff had an in-person interview with Senderoff for the open managerial position at Plaintiff's store. During the interview, Plaintiff communicated to Senderoff his concern regarding the lack of African-American/black employees in management for Defendants.

35. Approximately one week later, Plaintiff had a phone interview with Juan Ayala (Regional Sales Director) regarding the open managerial position at Plaintiff's store. Again, Plaintiff stated his concern about the lack of African-American/black employees in management for Defendants.

36. Following his interviews, Plaintiff did not hear from Senderoff or Ayala regarding the promotion.

37. On or about May 13, 2016, Plaintiff was approached by Jeff Graham (Loss Prevention) and was placed on unpaid suspension for three (3) weeks due to an alleged pending investigation. Graham was aggressive with Plaintiff and kept talking about Plaintiff's "number" and his "card," but would not provide Plaintiff with any details. Plaintiff felt very uncomfortable and asked Graham if he could record the conversation, but Graham refused and said that it was against company policy. Plaintiff requested the policy, but Graham refused to provide it and took Plaintiff's work key.

38. On or about May 15, 2016, Plaintiff emailed Senderoff, Anderson and Russell a complaint of retaliation and discrimination where he reiterated the events of the prior few months.

39. On or about May 16, 2016, Plaintiff emailed Stephanie Ciummo in Defendants' legal department and attached his prior complaints.

40. On June 3, 2016, Plaintiff was contacted by Senderoff and terminated from his employment with Defendants. Senderoff claimed that Plaintiff "impeded an investigation," but provided no detail as to how Plaintiff was an alleged impediment. Despite Defendants' contention, Plaintiff did not impede an investigation by Defendants.

41. On August 12, 2016, Anderson emailed Plaintiff, told Plaintiff that Defendants investigated his allegations of unpaid time and decided to issue Plaintiff two checks.

42. Plaintiff was replaced by an individual outside of his protected class.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

43. Plaintiff, OCTAVIA LINDSEY, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through forty-two (42).

44. Defendants are subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

45. Defendants are enterprises engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A) in that they (a) have employees engaged in commerce or have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (b) have an annual gross volume of sales made or business done that is not less than $500,000.00.

46. Plaintiff is covered as an individual under the FLSA because Plaintiff was engaged in interstate commerce as part of his job with Defendants. 29 U.S.C. §207(a)(1).

47. During his employment with Defendants, Plaintiff worked in excess of forty (40) hours per week, for which he was not compensated at the overtime rate.

48. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

49. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendants.

50. Defendants' failure to pay Plaintiff overtime at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the FLSA, 29 U.S.C. §§201 *et seq.,* including 29 U.S.C. § 207.

51. Defendants knew or had reason to know that Plaintiff performed work outside of his regular schedule and therefore worked in excess of forty (40) hours per work week.

52. Defendants' violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff.

53. As a direct result of Defendants' violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA, and has incurred reasonable attorneys' fees and costs.

54. As a result of Defendants' violations of the FLSA, Plaintiff is entitled liquidated damages.

55. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, OCTAVIA LINDSEY respectfully requests that judgment be entered in his favor against Defendants, GNC and GNC HOLDINGS:

    a. Awarding Plaintiff overtime compensation in the amount due to him for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c. Awarding prejudgment interest;

    d. Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Determining that the FLSA was violated and an adjudication on the merits of the case;

    f. Ordering any other further relief the Court deems just and proper.

## COUNT II
## FAIR LABOR STANDARDS ACT – RETALIATION

56. Plaintiff, OCTAVIA LINDSEY, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through forty-two (42).

57. As set forth above, Plaintiff engaged in protected activity by making several reasonable, good-faith complaints about Defendants' failure to compensate him for his overtime hours.

58. Pursuant to 29 U.S.C. Sec. 215(a)(3), an employer may not retaliate against an employee for making complaints about FLSA violations.

59. Defendants retaliated against Plaintiff by failing to promote Plaintiff, suspending Plaintiff, and ultimately terminating Plaintiff's employment in violation of the FLSA.

60. As a result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, OCTAVIA LINDSEY respectfully requests that judgment be entered in his favor against Defendants, GNC and GNC HOLDINGS:

    a. Awarding Plaintiff back pay and lost benefits;

    b. Awarding Plaintiff liquidated damages in an amount equal to the back pay award;

    c. Awarding prejudgment interest;

    d. Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Determining that the FLSA was violated and an adjudication on the merits of the case;

    f. Ordering any other further relief the Court deems just and proper.

## COUNT III
## 42 U.S.C. §1981—DISCRIMINATION

61. Plaintiff, OCTAVIA LINDSEY, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through forty-two (42).

62. Plaintiff is a member of a protected class under 42 U.S.C. §1981.

63. By the conduct described above, Defendants engaged in unlawful employment practices and discriminated against Plaintiff on account of his race by failing to promote Plaintiff, suspending Plaintiff, and terminating Plaintiff's employment in violation of 42 U.S.C. §1981.

64. Defendants' decisions to not promote Plaintiff, suspend Plaintiff, and terminate Plaintiff were motivated by race-based considerations.

65. Defendants' unlawful and discriminatory employment practices toward Plaintiff were intentional.

66. Defendants' unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

67. As a result of Defendants' unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendants:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e. Punitive damages;

    f.      Attorneys' fees and costs;

    g.      Injunctive relief; and

    h.      For any other relief this Court deems just and equitable.

## COUNT IV
## 42 U.S.C. §1981 – RETALIATION

68. Plaintiff, OCTAVIA LINDSEY, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through forty-two (42).

69. Plaintiff suffered adverse employment actions for engaging in protected activity under the 42 U.S.C. §1981. Specifically, Plaintiff made reasonable, good-faith complaints of race discrimination and was refused a promotion, suspended, and terminated from his position with Defendants.

70. The aforementioned actions by Defendants constitute retaliation by Defendants in violation of 42 U.S.C. §1981.

71. Defendants' unlawful and retaliatory employment practices toward Plaintiff were intentional.

72. Defendants' unlawful and retaliatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

73. As a result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a.      Back pay and benefits;

    b.      Prejudgment interest on back pay and benefits;

  c. Front pay and benefits;

  d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

  e. Punitive damages;

  f. Attorneys' fees and costs;

  g. Injunctive relief; and

  h. For any other relief this Court deems just and equitable.

## COUNT V
### CHAPTER 448.08, FLORIDA STATUTES (UNPAID WAGES)

74. Plaintiff, OCTAVIA LINDSEY, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through forty-two (42).

75. Plaintiff has earned unpaid wages and commissions which are owed and payable by Defendants pursuant to Florida Statute Chapter 448.08.

76. Defendants, despite Plaintiff's reasonable attempts to obtain payment of these earned monies, has failed and refused to make payment as required by Chapter 448.08, Florida Statutes.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants for:

  a. Payment of earned commission/unpaid wages;

  b. Prejudgment interest;

  c. Post judgment interest;

  d. Attorneys' fees and costs;

  e. Such other relief as the Court deems equitable.

## COUNT VI
## FLORIDA'S PRIVATE WHISTLEBLOWER'S ACT

77.    Plaintiff, OCTAVIA LINDSEY, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through forty-two (42).

78.    This is an action for damages pursuant to Florida's Private Whistleblower's Act. *Florida Statutes* § 448.101, *et seq*.

79.    The retaliatory actions described above, including Defendants' failure to promote Plaintiff, Plaintiff's suspension and termination, were conducted by Defendants through their agents or employees, in part or in total, because Plaintiff objected to or refused to participate in the activities, policies, or practices of Defendants which were violations, or which Plaintiff had an honest, good-faith belief were violations of laws, rules or regulations.  Specifically, Plaintiff complained of and/or objected to, including but not limited to, race-based discriminatory promotional practices and Defendants' failure to compensate Plaintiff as required by the Fair Labor Standards Act.

80.    As a result of the retaliatory actions of Defendants, Plaintiff has suffered damages including: lost wages, benefits, and other remuneration, emotional distress, physical injury and humiliation.  These losses are permanent or intermittent and will continue into the future.

81.    As a result of Defendants unlawful acts against Plaintiff, OCTAVIA LINDSEY, Plaintiff has and will continue to incur attorneys' fees, which are recoverable under Section 448.104, *Florida Statutes*.

WHEREFORE, Plaintiff demands judgment against Defendants and prays for the following relief:

    a.    Injunction to restrain continued violations of the Act;

b.  Reinstatement to the same or an equivalent position;

c.  Reinstatement of fringe benefits and seniority rights;

d.  Lost wages;

e.  Lost benefits;

f.  Other remuneration;

g.  Attorneys fees and costs; and

h.  Any other compensatory damages allowable at law.

## DEMAND FOR JURY TRIAL

82. Plaintiff, OCTAVIA LINDSEY, demands a trial by jury on all issues so triable.

**DATED** this 16th day of June 2017.

**FLORIN GRAY BOUZAS OWENS, LLC**

*/s/ Gregory A. Owens*_____
**GREGORY A. OWENS, ESQUIRE**
Florida Bar No.: 51366
greg@fgbolaw.com
**CHRISTOPHER D. GRAY, ESQUIRE**
Florida Bar No.: 902004
chris@fgbolaw.com
16524 Pointe Village Drive
Suite 100
Lutz, Florida 33558
(727) 254-5255
(727) 483-7942 (fax)
*Trial Attorneys for Plaintiff*